J-S28043-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DWAYNE WRIGHT | : | |
| | : | |
| Appellant | : | No. 1468 MDA 2019 |

Appeal from the Judgment of Sentence Entered July 10, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0004113-2018

BEFORE:  BOWES, J., OLSON, J., and MUSMANNO, J.

DISSENTING MEMORANDUM BY BOWES, J.:    **FILED OCTOBER 26, 2020**

I join the Majority to the extent that it finds that the inventory search of the vehicle was illegal.  There was no basis to tow the vehicle, thus an inventory search was inappropriate.  However, unlike the Majority, I do not agree that the illegally-seized evidence is admissible pursuant to the inevitable discovery doctrine.  Accordingly, I dissent.

As the Majority aptly recites, the inevitable discovery rule allows for the admission of evidence recovered as a result of an illegal search, if the Commonwealth demonstrates that it would still have legally discovered the evidence despite the initial illegality.  **See** Majority Memorandum at 15 (citing **Commonwealth v. Gonzalez**, 979 A.2d 879, 890 (Pa.Super. 2009)).  Here, the question is whether the operation of 75 Pa.C.S. § 6309.2 would have inevitably led to impoundment and a subsequent valid inventory search.  As the Majority properly notes, that statute provides that, "in the case of

immobilization, the operator must produce the necessary paperwork (i.e., registration and proof of insurance), before an appropriate judicial authority within 24 hours of the vehicle's immobilization" to avoid impoundment." ***Id***. (citing 75 Pa.C.S. § 6309.2(b)(1)). Accordingly, for the Commonwealth to satisfy the inevitable discovery doctrine in this case, it needed to demonstrate by a preponderance of the evidence that Bruce Dates, the owner of the immobilized vehicle, would not or could not have renewed the registration and that Dates or Appellant would not or could not have then appeared before the appropriate judicial authority with the renewed registration within twenty-four hours. The Majority concludes that the Commonwealth met this burden. ***Id***. at 15-16. I disagree.

At the suppression hearing, Officer Jacob Bingham testified that he placed Appellant under arrest and immediately conducted an inventory search of the vehicle. ***See*** N.T. Suppression Hearing, 11/15/18, at 12. Before beginning the inventory search, he made no attempt to locate or communicate with Dates. ***Id***. at 22. It was not until a "later stage" in the investigation that Officer Bingham sought contact with Dates when he went to the registered address and spoke with an unnamed individual. ***Id***. at 3. This unknown person told him that Dates had moved to Alabama, but Officer Bingham never independently confirmed that Dates moved there. ***Id***. at 3, 24. Perhaps because the Commonwealth did not assert the inevitable discovery exception until after the suppression hearing concluded, this constitutes the entirety of the factual record surrounding Dates's location and availability.

The evidence before the suppression court does not support a finding that it was more likely than not that Dates would not have renewed the vehicle's registration and reclaimed the vehicle within twenty-four hours. Instead, it reflects that Dates was never notified or given the opportunity to complete the steps to retrieve his vehicle. We do not know what would have happened if he had been notified. Notably, vehicle registration renewal in Pennsylvania is a relatively simple process that can be completed remotely. Accordingly, a conclusion that Dates would not or could not have retrieved his vehicle is pure speculation.

Since I would find that the Commonwealth did not meet its burden of proof for the inevitable discovery exception to apply, I would reverse the suppression court order and remand for a new trial without the illegally obtained evidence. Therefore, I respectfully dissent.